IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM REEL                         §
(Pennsylvania KC 6396)               §
                                     §
VS.                                  §    CIVIL ACTION NO.4:12-CV-920-Y
                                     §
                                     §
TARRANT COUNTY SO, et al.            §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff William Reel's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Reel, an inmate at the State Correctional Institution (SCI) Somerset, in Somerset, Pennsylvania, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants the Tarrant County SO, and the City of Philadelphia, Pennsylvania. (Compl. Style; § IV(B).) Reel claims that after he was extradited from the Tarrant County jail to an institution in Philadelphia, he was twice taken to a police station there, and separately charged as a fugitive-felon. (Compl. § V.) Reel alleges that, in turn, his fugitive felon status caused him to lose veteran's benefits. (Compl. § V.) Reel seeks "20 million dollars for compensation/punitive damages" along with attorneys fees and costs. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint and more definite statement under these standards, the Court concludes that Reel's claims for relief under 42 U.S.C. § 1983 must be dismissed.

Reel has named the "Tarrant County SO." Although the Court is not certain what department of Tarrant County this is, as it is unlikely that Tarrant County SO is a jural entity subject to its own suit, the Court will substitute Tarrant County, Texas, as the

---

defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.,*(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

defendant.[6]   The other defendant is also a municipality, Philadelphia, Pennsylvania.

Although a city or county is a "person" within the meaning of § 1983[7] a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[8]   The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[9]

Thus, § 1983 liability attaches against a local government entity only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such

---

[6]*See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991)(noting that under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department); *see also Parker v. Fort Worth Police Department,* 980 F.2d 1023, 1025-26 (5th Cir. 1993)(reversing and remanding dismissal of claims against Fort Worth police department, with instruction to allow Plaintiff leave to amend to name the City of Fort Worth itself.)

[7]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

[8]*Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

[9]*Id.* at 694.

3

deprivation."[10] An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[11]

Reel has not provided any factual allegations whatsoever of a policy or custom against Tarrant County or against Philadelphia. Thus, lacking any factual allegation of a policy or custom, Plaintiff's claims against defendants Tarrant County, Texas, and Philadelphia, Pennsylvania, must be dismissed.

Therefore, all claims in this case are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED April 15, 2013.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10]*Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011)(quoting *Monell,* 436 U.S. at 692)(internal quotation marks omitted); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(liability "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original).

[11]*Prince v. Curry,* 423 Fed. Appx. 447, 450 (5th Cir. 2011)(quoting *Connick,* 131 S.Ct. at 1359.)